UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.: 2:21-cv-00187-SPC-MRM

FXFWY01, INC., et al.,

Plaintiffs,

v.

FEDERAL EXPRESS GROUND
PACKAGE SYSTEM, INC.,

Defendant.
_____________________________________/

**SUGGESTION OF BANKRUPTCY**

**PLEASE TAKE NOTICE** that plaintiffs, TIMOTHY C. JOLLOFF and LISA A. JOLLOFF (together, the "Debtors"), filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of the United States Bankruptcy Court for the Middle District of Florida (Fort Myers Division), Case No. 2:21-bk-01052-FMD on August 13, 2021 (the "Bankruptcy Case"), the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code on October 17, 2021, and ROBERT E. TARDIF, JR. (the "Trustee") was appointed as Chapter 7 Trustee of the Debtors' estate. A copy of the *Order Converting Case From Chapter 13 To Chapter 7* is attached hereto as Exhibit "A".

**PLEASE TAKE FURTHER NOTICE** that any and all entities that willfully continue the above-captioned proceeding or that take willful actions to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate, may thereby subject themselves to actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages, pursuant to 11 U.S.C. § 362(k)(1).

**PLEASE TAKE FURTHER NOTICE** that when an individual files for Chapter 7 bankruptcy (like the Debtors-plaintiffs have done here on August 13, 2021), a bankruptcy estate is created comprising "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), including "any causes of action possessed by the debtor," *Seward v. Devine,* 888 F.2d 957, 963 (2d Cir. 1989). When a cause of action becomes property of the bankruptcy estate, the trustee appointed to administer the estate becomes the sole party with standing to bring suit, unless the cause of action is abandoned by the trustee pursuant to 11 U.S.C. § 554. *See, e.g., In re Merrill Lynch & Co., Inc., Research Reports Sec. Litig.,* 375 B.R. 719, 725 (S.D.N.Y. 2007); *Barletta v. Tedeschi,* 121 B.R. 669, 671–72 (N.D.N.Y. 1990). *Accord, Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("[g]enerally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it"); *Oswalt v. Sedgwick Claims Management Services, Inc.*, 624 F. App'x 740, 741 (11th Cir. 2015) (cause of action which the debtor failed to disclose to the bankruptcy court and which the trustee never abandoned continued to constitute property of the debtor's estate); and *Sidney v. Ragucci (In re Ragucci)*, 433 B.R. 889, 897 (Bankr. M.D. Fla. 2010) (same). As the property, funds, and claims in the above-captioned action constitute property of the Debtors' estate under 11 U.S.C. § 541 and the Chapter 7 Trustee has not abandoned them, the Chapter 7 Trustee is the sole party with standing to recover such property and prosecute such claims.

Respectfully submitted,
FOX ROTHSCHILD LLP
*Attorneys for the Trustee*
2 South Biscayne Boulevard, Suite 2750
Miami, Florida 33131
Phone: (305) 442-6543; Fax: (305) 442-6541

By: /s/ Robert F. Elgidely
Robert F. Elgidely, Esq.

Florida Bar No. 111856
E-Mail: relgidely@foxrothschild.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 28, 2021, I electronically filed the foregoing *Suggestion Of Bankruptcy* with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means including STEPHEN N. MCGUIRE II, ESQ., Costello McGuire & Wicker, P.A., P.O. Box 60205, Fort Myers, Florida 33906 and Gabriel Adian Costa, Esq., Callahan & Fusco, 200 SW 1st Avenue, Suite 840, Ft. Lauderdale, Florida 33301.

By:/s/ Robert F. Elgidely
Robert F. Elgidely, Esq.

**[Donci237]** [Order Converting/Reconverting Case from Chapter 12/13 to Chapter 7]

ORDERED.

**Dated: October 19, 2021**

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
www.flmb.uscourts.gov

In re:

Case No.
2:21−bk−01052−FMD
Chapter 7

Timothy Craig Jolloff
aka Tim Jolloff

Lisa Ann Jolloff
fka Lisa Weil

Debtor* /

***ORDER CONVERTING CASE FROM CHAPTER 13 TO CHAPTER 7***

THIS CASE came on for consideration without a hearing on the Motion to Convert Case to Chapter 7 (the Motion) (Document No. 29) under Section 1307 of the Bankruptcy Code. The Court finds that Debtor is eligible for relief under Chapter 7 of the Bankruptcy Code. Accordingly, it is

***ORDERED:***

1. The Motion is granted. This case is converted to a case under Chapter 7 of the Bankruptcy Code.

2. All hearings pending in the Chapter 13 case are cancelled.

3. Pursuant to Local Rule 4001−1(c)(5), any motion for relief from stay pending as of the date of this order is abated until the movant files an amended motion for relief from stay in the converted case and serves it on the appropriate parties.

4. If the Trustee has not already collected his percentage fee, the Trustee shall deduct from all monies disbursed his normal percentage thereof as necessary costs and expenses from sums collected pursuant to Section 1326(a)(2), together with any fee, charge, or amount allowed under 28 U.S.C. Section 586(e)(2).

5. The Chapter 13 Trustee shall disburse any undistributed funds in the Trustee's possession on the date of conversion to Debtor, and if Debtor is represented by counsel, mailed to the Debtor in care of Debtor's attorney.



6. Within 14 days from the date of this Order, Debtor, the Trustee, or any party in interest may request the Court to examine the fees paid to the Debtor's attorney and request disgorgement of any portion deemed excessive. The Court shall retain jurisdiction for this purpose.

7. The Chapter 13 Trustee is discharged from any further duties in this case.

The Clerk's office is directed to serve a copy of this order on interested parties.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

Case 2:21-bk-01052-FMD Doc 30 Filed 10/28/21 Page 3 of 3

***NOTICE REGARDING CONVERSION TO CHAPTER 7***

1. The U.S. Trustee has scheduled an additional meeting of creditors pursuant to 11 U.S.C. § 341, for **November 16, 2021** at **11:10 AM**. **The meeting will be held telephonically. Trustee: Robert E Tardif Jr.. Call in Number: 877−771−9134. Passcode: 1631829.** Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee. The § 341 meeting may be adjourned from time to time without further written notice.

2. The U.S. Trustee has appointed a Chapter 7 Trustee:

Robert E Tardif Jr.
Trustee
Post Office Box 2140
Fort Myers, FL 33902

3. January 17, 2022 is the last day for filing a complaint seeking an exception to discharge under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6). If no such complaint is timely filed, the discharge will be granted and will encompass debts that might not be subject to discharge.

4. The deadline to file a proof of claim is December 28, 2021. Creditors who filed a proof of claim prior to the conversion of the case do not need to file a new proof of claim.

5. Within 14 days from the date of the Order Converting the Case, Debtor shall file any unfiled Schedules, Statement of Financial Affairs, Statement of Income or Statement of Intent required by Fed. R. Bankr. P. 1007 or the case may be dismissed. Chapter 7 Statement of Income (Means Test),

6. Within 14 days from the date of the Order Converting Case, as required by Fed. Bankr. P. 1019, Debtor shall file a schedule of debts incurred after the commencement of the case and before the entry of the Order Converting Case, including the name and address of each holder of a claim. If Debtor is represented by an attorney, the attorney shall upload the additional holders of claims via CM/ECF. Debtor or Debtor's attorney shall serve a copy of the Order Converting Case and this notice on each additional holder of a claim and shall file a proof of service with the Court. If the case is converted after confirmation of a plan, Debtor shall also file a schedule of all properties acquired after the commencement of the case but before the entry of the order of confirmation, and a schedule of all executory contracts and unexpired leases entered into or assumed after the commencement of the case but before the entry of the Order Converting Case.

7. Within 14 days from the date of the Order Converting Case, Debtor shall pay unpaid filing fees in the amount of N/A and the $25.00 fee for converting the case, if not previously paid. Failure to pay filing fees may result in dismissal of the case or the discharge being withheld. Payment shall be made by cashier's check or money order payable to

Clerk, U.S. Bankruptcy Court
Sam M.. Gibbons United States Courthouse
801 N. Florida Ave. Suite 555
Tampa, FL 33602−3899

8. Avoid delays. You are reminded that Local Rule 5073−1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge, a valid Florida Bar identification card, or pro hac vice order. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

