UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FXFWY01, INC., FXFWY03, INC., FXFWY04, INC., SCHULTISE ENTERPRISES, INC., JP GANCZAK ENTERPRISES, FXKOK01, INC., FXKOK02, INC., CENTRAL ACQUISITION, INC., MRK DELIVERIES, INC., TZ INTERNATIONAL, INC., TIM JOLLOFF, and LISA JOLLOFF,

    Plaintiffs,

v.                                                                 Case No.: 2:21-cv-187-SPC-MRM

FEDERAL EXPRESS GROUND PACKAGE SYSTEM, INC.,

    Defendant.
_____/

# ORDER[1]

Over a year ago, the parties agreed this case should go to arbitration. So the Court compelled arbitration, entered a stay, and directed that status reports be filed every 90 days. (Doc. 17). Although the parties have discussed going to arbitration, arbitration has not yet begun. The individual Plaintiffs' 2021 bankruptcy filing might have slowed things down, but it is unclear why

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

this would have affected the prosecution of this case. A bankruptcy filing typically operates as an automatic stay of all proceedings against the debtor. 11 U.S.C. § 362(a)(1). When the debtor is the plaintiff, the automatic stay seldom applies to the plaintiff's claims. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor."); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc). In any event, the Chapter 7 Trustee has said he will not pursue any interest the bankruptcy estate may have. (Doc. 27 at 3).

Because the parties have agreed that all claims are subject to arbitration—yet there is no indication the parties are anywhere near heading to arbitration (the most recent status report says Plaintiffs' counsel cannot arbitrate the case)—the Court is left wondering: what happens now? By the Court's reading of the Independent Service Provider Agreements and Addendums, arbitration must be commenced within one year and failure to do so "constitutes an absolute bar to the institution of any proceedings and a waiver of all claims." (Docs. 13-2–13-14 at Sec. 16.5). But the Court has before it a limited record to understand what (if any) implication the contractual provisions have on this case. So the Court needs the parties' input.

Accordingly, it is now

**ORDERED:**

2

The parties must file a statement of their positions on how this case should proceed by **June 10, 2022**. They may do so in separate filings, not to exceed 10 pages each. The parties must confer before filing and include whether any agreement was reached.

**DONE** and **ORDERED** in Fort Myers, Florida on May 26, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record